## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 22, 2013

Lyle W. Cayce
Clerk

No. 12-50829
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR EDGARDO ALCERO-SALES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-560-1

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Victor Edgardo Alcero-Sales (Alcero) was convicted of illegal reentry, in violation of 8 U.S.C. § 1326. He was sentenced to 14 months of imprisonment and three years of supervised release. Alcero's term of supervised release was revoked after he was found unlawfully in this country and convicted of another illegal reentry offense. He challenges the substantive reasonableness of the consecutive eight month sentence he received upon revocation of his supervised release on the basis that it is greater than necessary to achieve the factors set

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

forth in 18 U.S.C. § 3553(a).  He argues that the district court did not consider all of the § 3553(a) factors, as it was required to do, and categorically refused to consider a concurrent sentence.

Ordinarily, this court reviews revocation sentences under 18 U.S.C. § 3742(a)(4)'s "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied*, 132 S. Ct. 496 (2011).  Because Alcero did not object to the reasonableness of his revocation sentence in the district court, our review is for plain error.  *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

Plain error requires there be a forfeited error that is clear or obvious and that affects the defendant's substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If such a showing is made, the court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

The revocation sentence imposed in the instant case both fell within the advisory range and was in keeping with the Guidelines' advice regarding concurrent or consecutive sentences.  *See United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007); U.S.S.G. § 7B1.3(f)).  The sentence is, therefore, entitled to an appellate presumption of reasonableness.  *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008).

Further, even if the district court committed obvious or clear error with respect to the § 3553(a) factors, Alcero cannot show his substantial rights were affected because he fails to show that with other consideration of the factors he would have received a sentence below the policy statement range of imprisonment.  *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).  Thus, Alcero has not shown that the revocation sentence imposed constituted plain error.  *See Puckett,* 556 U.S. at 135; *Whitelaw*, 580 F.3d at 259-60.

AFFIRMED.